Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 303-0552
spencer@spencersheehan.com

United States District Court
Eastern District of New York

1:20-cv-04583

| | |
|---|---|
| Aileen Goldstein, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>Sally Beauty Supply LLC,<br><br>　　　　　　　　　Defendant | Complaint |

　　　　Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

　　　　1.　　Sally Beauty Supply LLC ("defendant") operates four thousand "Sally Beauty Supply" stores ("Sally's") worldwide with at least half in the United States.

　　　　2.　　Sally's sells professional beauty products for hair, skin, and nails through third-party brands and exclusive-label professional product lines.

　　　　3.　　At least twice a year, Defendant has a "Liter Sale," where many of the previously full price items that are purportedly one liter, are placed on sale.

　　　　4.　　 Defendant markets and promotes its liter sales through in-store advertising.

5. Defendant promotes its liter sales online.







3

6. Defendant offers discounts and promotions for the liter sales, such as "By One Get One 50% OFF All Haircare Liters" and "Bioterra and Quantum Hair Care Liters…$9.99," a discount from their regular price.





4



7. Unfortunately for consumers, many, or even most of the items offered in the "Liter Sale" are less than a liter.

8. A liter is the equivalent of 33.8 ounces ("OZ").

9. The Products sold as a "liter" are actually thirty-two (32) ounces or 0.9463529 liters.

10. By advertising and selling Products purporting to be a "liter," consumers are being misled and taken advantage of.

11. Defendant appears to be aware that the Products are not 1 liter, because the shelf tag states "33.8 OZ" even though the bottles indicate "32 OZ."

13. For example, the Long & Healthy Rich Lather Shampoo and Deep Moisture Conditioner are promoted in the Liter Sale, yet admittedly contain only 32 ounces or 946 mL.



14. The Color Care Protective Shampoo is promoted in the Liter Sale, yet admittedly contain only 32 ounces or 946 mL.



15. The Ultra Thick & Full Sheer Volume Conditioner is promoted in the Liter Sale, yet admittedly contain only 32 ounces or 946 mL.



16. The Anti Frizz Sheer Volume Conditioner is promoted in the Liter Sale, yet admittedly contain only 32 ounces or 946 mL.



17. The Styling Alcohol-Free Defining Gel is promoted in the Liter Sale, yet admittedly contain only 32 ounces or 946 mL.




10

18. Though Defendant may not manufacture and label all of the Products promoted in its liter sales that are less than one liter, it is responsible for promoting them as "liters" to capitalize on consumers' desire for a bargain.

19. Consumers will not scrutinize the difference between the ounces listed on the shelf tags with the ounces on the Products because there is no reason to, since a liter is a defined amount and is not expected that a company would cut corners on the definition of a liter.

20. Defendant's failure to correctly represent the size of the items sold in the "liter sales" is deceptive and misleading.

21. Plaintiff and consumers were induced to purchase more of the Products than they otherwise would had the representations been accurate.

22. Plaintiff and consumers paid for one liter of the Products yet received less than one liter.

23. ProductsProductsProductsplaintiffHad plaintiff and class members known the truth, they would not have bought the Products or would have paid less for them.

24. The Products are sold Productsis an sold at a premium price, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

## Jurisdiction and Venue

25. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

26. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

27. Plaintiff Aileen Goldstein is a citizen of New York.

28. Defendant Sally Beauty Supply LLC, is a Virginia corporation with a principal place of business in Denton, Denton County, Texas and is a citizen of Texas and upon information and belief no member of defendant is a citizen of New York.

29. "Minimal diversity" exists because plaintiff Aileen Goldstein and defendant are citizens of different states.

30. Upon information and belief, sales of the Products in New York and other states exceed $5 million per year, exclusive of interest and costs, and the aggregate amount in controversy exceeds $5 million per year.

31. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of plaintiff to purchase the Products and the misleading representations and/or their recognition as such.

32. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

## Parties

33. Plaintiff Aileen Goldstein is a citizen of New York, Rego Park, Queens County,

34. Defendant Sally Beauty Supply LLC is a Virginia limited liability company with a principal place of business in Denton, Texas, Denton County and is a citizen of Texas and no member of defendant is a citizen of New York.

35. During the relevant statutes of limitations, plaintiff purchased numerous items at the liter sales in various Sally Beauty stores in New York State for personal and household use in reliance on the representations she was purchasing items that were one liter.

36. Plaintiff bought the Products at or exceeding the above-referenced price because she liked the "liter" products for their intended use and expected she was getting a full liter, not less.

37. Plaintiff was deceived by and relied upon the Defendant's deceptive advertising.

38. Plaintiff would not have purchased the Products in the absence of Defendant's misrepresentations and omissions.

39. The Products were worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading advertising.

40. Plaintiff intends to, seeks to, and will purchase the Products again when she can do so with the assurance that Products' labels are consistent with the Product's components.

Class Allegations

41. The class will consist of all purchasers of the Products who reside in New York and all other states during the applicable statutes of limitations.

42. Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

43. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

44. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

45. Plaintiff is an adequate representatives because her interests do not conflict with other members.

46. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

47. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

48. Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to protect class members' interests adequately and fairly.

49. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350,
(Consumer Protection Statute)

50. Plaintiff incorporates by reference all preceding paragraphs.

51. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

52. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

53. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Products by promoting them as one liter when they were materially less than this size.

54. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

55. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

56. Plaintiff incorporates by reference all preceding paragraphs.

57. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Products by promoting them as one liter.

58. Defendant had a duty to accurately market the Products and knew or should have known same were false or misleading.

59. This duty is based on defendant's position as an entity which has held itself out as

having special knowledge and experience in the production, service and/or sale of the product type.

60. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

61. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

62. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

63. Plaintiff incorporates by reference all preceding paragraphs.

64. The Products was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional and/or environmental which they did not.

65. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products.

66. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

67. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

68. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Products, of the type described here.

69. The Products did not conform to their affirmations of fact and promises due to

defendant's actions and were not merchantable.

70. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Fraud

71. Plaintiff incorporates by reference all preceding paragraphs.

72. Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

73. Defendant's fraudulent intent is evinced by its failure to accurately identify the Products on their labels and in its promotions for the Products, when it knew its statements were neither true nor accurate and misled consumers.

74. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

75. Plaintiff incorporates by reference all preceding paragraphs.

76. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the

challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: September 26, 2020

    Respectfully submitted,

    Sheehan & Associates, P.C.
    /s/Spencer Sheehan
    Spencer Sheehan
    60 Cuttermill Rd Ste 409
    Great Neck NY 11021-3104
    Tel: (516) 303-0552
    Fax: (516) 234-7800
    *spencer@spencersheehan.com*
    E.D.N.Y. # SS-8533
    S.D.N.Y. # SS-2056

1:20-cv-04583
United States District Court
Eastern District of New York

Aileen Goldstein, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Sally Beauty Supply LLC,

Defendant

Complaint

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: September 26, 2020

/s/ Spencer Sheehan
Spencer Sheehan